23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Haifa FAKHOURI and Zuheir Fakhouri, d/b/a the Arabic Town
Branch 3, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1386.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by owners of a retail store authorized to participate in the food stamp program from summary judgment for the government in an action challenging the decision of the Department of Agriculture disqualifying them from participating in the program. On appeal the plaintiffs argued that the district court committed error by finding that they violated the Food Stamp Act, that the district court erred in declining to find that the government was estopped from disqualifying the plaintiffs because a government agent engaged in outrageous conduct causing the plaintiffs' employee to exchange money for food stamps and, finally, that the district court erred in concluding that it had no discretion to change the penalty imposed by the Department of Agriculture for violating the Act.
 
 
 2
 Treating the evidence in a light most favorable to the plaintiffs, the district court found that a Secret Service Agent went to the plaintiffs' store with Hishem Rishmawi, who was participating in an undercover operation as part of a plea agreement regarding food stamp trafficking. Rishmawi spoke in Arabic to the store manager, Zahi Fakhouri. After a short conversation in which Rishmawi told a story of desperately needing money to go to the "old country" where his mother was ill, Zahi Fakhouri placed $1,000 in a grocery bag and exchanged it with Rishmawi for a bag containing twenty $65 books of food stamps. Two days after the exchange, the plaintiffs' store redeemed the $1,300 in food stamps. At a later date the Secret Service Agent went to the same store and attempted to sell food stamps, but was rebuffed.
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel, together with the record on appeal, the court concludes that the judgment of the district court must be affirmed. The plaintiffs argue that their store manager made a loan to Rishmawi and that there was no intent to buy stamps. Nevertheless, the Food Stamp Act and regulations provide that coupons are to be used only for the purchase of food and that they may not be accepted in exchange for cash or for any other non-food use. 7 U.S.C. Sec. 2016(b); 7 C.F.R. Sec. 278.2 (1991). The letter from the Department of Agriculture advising the plaintiffs of their disqualification specifically stated that they were found guilty of trafficking in food stamps contrary to the statute and regulation. The district court did not err in holding that the plaintiffs violated the Food Stamp Act.
 
 
 4
 We also agree with the district court that the government may not be estopped for proceeding against the plaintiffs in this case because of the manner in which the plaintiffs' employee was induced to make the exchange of cash for food stamps. The facts do not permit holding the government estopped in view of the very stringent requirements for estoppel against the United States. Heckler v. Community Health Services, 467 U.S. 51, 60 (1984).
 
 
 5
 With respect to the third issue, it is the settled law of this circuit that a district court lacks authority to review the Agency's decision to disqualify the plaintiffs permanently. In Martin v. United States, 439 F.2d 300 (6th Cir.1972), we held that the jurisdiction of a district court extends only to reviewing the underlying violation, not the resulting sanction imposed by the Department of Agriculture.
 
 
 6
 The judgment of the district court is AFFIRMED.